UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>GERALD DANIEL WALKER et al.,<br><br>Defendants. | Case No. 3:88-cr-00155-CAL<br><br>**ORDER RE MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 1348 |

Gerald Walker asks the Court to appoint counsel to assist him in filing a petition for habeas corpus under 28 U.S.C. § 2255. Dkt. No. 1348. The request is granted.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court, however, may appoint counsel to represent a "financially eligible" habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Appointment of a lawyer is warranted here. Walker is blind and has significant hearing loss. Dkt. No. 1348. He cannot pay for an attorney. He appears to have been incarcerated since 1990, and his inmate account statement shows an available balance of $0.00. *Id*. His case raises questions of timeliness, among other issues, and Walker might have a colorable argument for equitable tolling if he can substantiate his claim that the government has in bad faith prevented him from filing a petition sooner. *Id.* Consequently, the interests of justice are best served by the appointment of counsel to determine whether Walker has a non-frivolous basis for a habeas petition and, if he does, to represent him in filing such a petition. This matter is referred to the Federal Public Defender to find representation for petitioner.

The clerk will provide a copy of this order to the Office of the Federal Public Defender. Upon being notified by the Office of the Federal Public Defender that an attorney has been located

to represent petitioner, the Court will appoint that attorney as counsel for petitioner.

**IT IS SO ORDERED.**

Dated: November 1, 2017

JAMES DONATO
United States District Judge